UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

OMAR JOSE CALZADA,

    *Plaintiff*,

v.

JOHN G. ROBERTS, *et al.*,

    *Defendants*.

Civil Action No. 24-2477 (LLA)

## MEMORANDUM OPINION

Plaintiff Omar Jose Calzada, proceeding pro se, sues the Honorable John G. Roberts, Chief Justice of the United States, and the Honorable Robert J. Conrad, Director of the Administrative Office of the U.S. Courts, for alleged constitutional and other violations related to Mr. Calzada's 2012 arrest, conviction, and subsequent litigation.  ECF No. 3, at 2-3.  After numerous procedural developments, Defendants have moved to dismiss.  ECF No. 21.  For the reasons explained below, the court will grant Defendants' motion.

### I.    FACTUAL BACKGROUND

The following factual allegations drawn from Mr. Calzada's amended complaint, ECF No. 3, are accepted as true for the purpose of evaluating the motion before the court, *Jerome Stevens Pharms., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1250 (D.C. Cir. 2005).

Mr. Calzada resides in San Antonio, Texas.  ECF No. 3 ¶ 26.  In June 2012, he was arrested and charged with various marijuana-related offenses in the U.S. District Court for the Western District of Texas.  ECF No. 3-1, at 79-80.  Mr. Calzada eventually pleaded guilty to one count of conspiring to manufacture a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1),

841(b)(1)(B), and 846.  *See* Order at 4, *United States v. Calzada*, No. 5:12-CR-642 (W.D. Tex. Jan. 18, 2022), ECF No. 189; Redacted Indictment at 1, *Calzada*, No. 5:12-CR-642 (W.D. Tex. July 11, 2012), ECF No. 23.[1]  Mr. Calzada was sentenced to time served and a term of supervised release, which he completed in January 2019.  *See* Order at 4-5, *Calzada*, No. 5:12-CR-642 (W.D. Tex. Jan. 18, 2022), ECF No. 189.

In June 2021, Mr. Calzada filed a pro se petition for a writ of error *coram nobis* alleging that fundamental errors had occurred in his criminal prosecution.  *See* Mot. for Writ of Error Coram Nobis, *Calzada*, No. 5:12-CR-642 (W.D. Tex. June 16, 2021), ECF No. 174.  Specifically, he claimed that a critical search warrant and affidavit had been improperly admitted into evidence, among other transgressions.  *See id.* at 8-10.  The district court denied the petition, finding that the petition was untimely, that "the search warrant and affidavit were properly authenticated," and that the U.S. Court of Appeals for the Fifth Circuit had previously affirmed the propriety of the search warrant and affidavit on appeal.  Order at 11, *Calzada*, No. 5:12-CR-642 (W.D. Tex. Jan. 18, 2022), ECF No. 189.  The Fifth Circuit affirmed the denial of the petition in February 2023 and subsequently denied rehearing en banc.  Op., *United States v. Calzada*, No. 22-50090 (5th Cir. Feb. 15, 2023); Order, *Calzada*, No. 22-50090 (5th Cir. Mar. 9, 2023).

In the ensuing months, Mr. Calzada filed six motions to vacate or amend the district court's denial of his petition.  *See* Docket, *Calzada*, No. 5:12-CR-642, ECF Nos. 196, 199, 200, 201, 202, 208.  The court denied each motion.  *See* Docket, *Calzada*, No. 5:12-CR-642.  Mr. Calzada appealed two of them, *see* Docket, *Calzada*, No. 5:12-CR-642, ECF Nos. 203, 209, and the Fifth

---

[1] "The court may take judicial notice of public records from other court proceedings."  *Lewis v. Drug Enf't Admin.*, 777 F. Supp. 2d 151, 159 (D.D.C. 2011).

Circuit affirmed both, Op., *United States v. Calzada*, No. 23-50367 (5th Cir. Sept. 21, 2023); Op., *United States v. Calzada*, No. 23-50838 (5th Cir. June 24, 2024).

## II.    PROCEDURAL HISTORY

After his final, unsuccessful appeal in the Fifth Circuit, Mr. Calzada filed a pro se complaint in this court in August 2024, ECF No. 1, which he subsequently amended, ECF No. 3. Mr. Calzada alleged that Chief Justice Roberts and Judge Conrad had failed to properly supervise various judicial officers who were involved in his criminal prosecution and unsuccessful appeals. *See generally* ECF No. 3.

In the ensuing months, the parties filed a series of overlapping and crisscrossing motions, oppositions, and replies.  In December 2024, Defendants filed a Westfall Act certification attesting that they "were acting within the scope of their employment as employees of the United States of America at the time of the alleged incidents."  ECF No. 13-1.  Pursuant to the Westfall Act, 28 U.S.C. § 2679, the United States was substituted as the defendant for all claims against Chief Justice Roberts and Judge Conrad in their official capacities.  ECF No. 13.  Mr. Calzada subsequently moved to disqualify the U.S. Attorney's Office for the District of Columbia from the case and to stay the proceedings pending appointment of a "Special U.S. Counsel."  ECF Nos. 15, 16.  The court denied both motions in January 2025.  ECF No. 20.

Defendants then moved to dismiss on January 17, 2025.  ECF No. 21.  Mr. Calzada filed a combined opposition to Defendants' motion to dismiss and motion for partial summary judgment on January 31, ECF No. 22, and he subsequently moved to challenge Defendants' Westfall Act certification and strike Defendants' motion to dismiss on February 6, ECF No. 28.  On February 7, Defendants filed a reply in support of their motion to dismiss and simultaneously moved to the

3

stay proceedings on Mr. Calzada's motion for partial summary judgment pending the court's resolution of the outstanding motion to dismiss. ECF Nos. 25, 26.

On February 11, the court issued a *Fox/Neal* Order giving Mr. Calzada an opportunity to supplement his previously filed opposition. ECF No. 29, at 2-3. In the same order, the court held Mr. Calzada's partial motion for summary judgment in abeyance so that it could resolve Defendants' outstanding motion to dismiss. *Id.* at 3. On February 18, Mr. Calzada submitted a supplemental memorandum in opposition to Defendants' motion to dismiss. ECF Nos. 30, 31. In the same filing, Mr. Calzada also requested that the case be stayed and then referred to the Judicial Conference of the United States for resolution and that the court direct Chief Justice Roberts to appear at future hearings. ECF No. 31, at 47. On March 3, Defendants filed a supplemental reply and simultaneously opposed Mr. Calzada's motion to stay, motion for referral, and motion to order the appearance of Chief Justice Roberts. ECF No. 35. The next day, Mr. Calzada filed a reply in support of his three new motions. ECF No. 37.

On March 13, Mr. Calzada filed a motion for a hearing on his challenge to Defendants' Westfall Act certification. ECF No. 39. The court denied the motion and explained that it would rule on each of the parties' pending motions in due course. Mar. 20, 2025 Minute Order.

On April 22, Mr. Calzada filed a motion for sanctions, an injunction, and an order to show cause. ECF No. 40. He argued that sanctions were warranted because Defendants' counsel had omitted or ignored material facts when filing the motion to dismiss. *Id.* at 6-7. He requested an injunction requiring the preservation of evidence related to the purported fraud and barring Defendants from making certain arguments. *Id.* at 7. Finally, he requested an order to show cause as to why Defendants' counsel had failed to report various instances of alleged prosecutorial

4

misconduct. *Id.* at 13-14. Defendants moved for an extension of time to respond, ECF No. 41, which the court granted, Apr. 28, 2025 Minute Order.

On May 1, Mr. Calzada filed a motion for leave to supplement the record "with newly compiled evidence of systemic violations of the U.S. Constitution, federal criminal procedure, and federal appellate practice." ECF No. 42, at 1. The supplement contains details of other cases that Mr. Calzada maintains are similar to his. *Id.* at 4-8.

In total, seven motions (containing twelve discrete requests) are currently before the court:

- (1) Defendants' Motion to Dismiss, ECF No. 21;

- (2) Mr. Calzada's Motion for Partial Summary Judgment, ECF No. 22;

- (3) Defendants' Motion to Stay Briefing on Mr. Calzada's Motion for Summary Judgment, ECF No. 26;

- Mr. Calzada's Motion (4) to Challenge Defendants' Westfall Act Certification and (5) to Strike Defendants' Motion to Dismiss, ECF No. 28;

- Mr. Calzada's Motion (6) to Stay the Case, (7) to Refer the Case to the Judicial Conference of the United States, and (8) to Order the Appearance of Chief Justice Roberts, ECF No. 31;

- Mr. Calzada's Motion (9) for Sanctions, (10) for an Injunction, and (11) for an Order to Show Cause, ECF No. 40; and

- (12) Mr. Calzada's Motion for Leave to Supplement, ECF No. 42.

### III.    LEGAL STANDARDS

"Federal courts are courts of limited jurisdiction," and it is generally "presumed that a cause lies outside [of] this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under Federal Rule of Civil Procedure 12(b)(1), the court must dismiss an action unless the plaintiff can establish, by a preponderance of the evidence, that the court possesses subject matter jurisdiction. *Green v. Stuyvesant*, 505 F. Supp. 2d 176, 178 (D.D.C. 2007). In reviewing such a motion, the court "is not limited to the allegations set forth in the complaint" and

"may consider materials outside the pleadings." *Morrow v. United States*, 723 F. Supp. 2d 71, 76 (D.D.C. 2010) (quoting *Jerome Stevens Pharms.*, 402 F.3d at 1253).

Pleadings by pro se litigants are generally held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). This liberal construction "is not, however, a license to ignore the Federal Rules of Civil Procedure." *Sturdza v. United Arab Emirates*, 658 F. Supp. 2d 135, 137 (D.D.C. 2009). Thus, "even a pro se plaintiff[] must meet his burden of proving that the [c]ourt has subject matter jurisdiction over [his] claims." *Woodyard v. Harper*, 162 F. Supp. 3d 3, 6 (D.D.C. 2016).

## IV.    DISCUSSION

As a threshold matter, Mr. Calzada challenges Defendants' Westfall Act certification, which the court addresses first. *See Jackson v. United States*, 857 F. Supp. 2d 158, 160 (D.D.C. 2012) ("Before turning to the merits of the motion to dismiss [for lack of subject matter jurisdiction], the [c]ourt will address plaintiff's apparent challenge to the Westfall Act certification."); *see Harris v. Wilson*, 282 F. Supp. 3d 80, 84-86 (D.D.C. 2017) (addressing the plaintiff's challenge to the defendants' Westfall Act Certification before addressing the defendants' motion to dismiss for lack of subject matter jurisdiction); *Steele v. Meyer*, 964 F. Supp. 2d 9, 15-21 (D.D.C. 2013) (same). The court then turns to Defendants' arguments for dismissal and concludes that it lacks subject matter jurisdiction over Mr. Calzada's complaint.

### A.    Westfall Act Certification

Mr. Calzada challenges Defendants' Westfall Act certification with respect to any official-capacity claims. *See* ECF No. 28. Under the Westfall Act, "an Attorney General or designee who believes that a federal employee was acting within the scope of employment at the time of the alleged incident may issue a certification to that effect," after which point the United States is

substituted as the defendant in the case. *Harbury v. Hayden*, 444 F. Supp. 2d 19, 28 (D.D.C. 2006); *see* 28 U.S.C. § 2679(d)(2).

"[T]he burden of challenging the correctness of a Westfall Act certification rests with the plaintiff." *Steele v. Meyer*, 964 F. Supp. 2d 9, 17 (D.D.C. 2013). The plaintiff must present more than "'[m]ere conclusory statements' . . . to rebut a certification." *Id.* (quoting *Jacobs v. Vrobel*, 724 F. 3d 217, 221 (D.C. Cir. 2013)). The plaintiff is only entitled to "discovery and an evidentiary hearing" if there is a "genuine question of fact material to the scope-of-employment issue." *Id.* (quoting *Estate of Callaham ex rel. Foster v. United States*, No. 12-CV-579, 2012 WL 1835366 (D.S.C. May 21, 2012)). When evaluating such a challenge, the court appl[ies] the *respondeat superior* law of the state where the alleged tort occurred." *Id.* In this case, the relevant law is that of the District of Columbia because both Defendants work in the District. ECF No. 3 ¶¶ 27-28 (listing workplace addresses within the District for both Defendants); *see* ECF No. 33.

Mr. Calzada flatly asserts that Defendants were not acting within the scope of their employment and relies entirely on conclusory assertions to do so. *See* ECF No. 28, at 15-19. He argues that both Defendants exceeded their authority under Article III of the U.S. Constitution by not acting on his allegations of fraud on the court. *See* ECF No. 28, at 15-19. But any actions that Defendants took or did not take in their supervisory roles over the federal judiciary would be within their official duties as the Chief Justice of the United States and Director of the Administrative Office of the U.S. Courts. *See* ECF No. 3 ¶¶ 27-28. At most, Mr. Calzada complains about *how* Defendants carried out their duties, not whether those duties fell within the scope of their employment. Indeed, Mr. Calzada's central claim that Defendants were derelict in their official responsibilities necessarily implies that their alleged misconduct *was* related to their official duties. *See id.* ¶ 31 (stating that "[t]he [d]irect violation of Article III . . . requir[es] an immediate answer

7

from Defendant Chief Justice John G. Roberts in *how his position plans to correct the violations created by the U.S. Courts*" (emphasis added)).  Mr. Calzada therefore cannot satisfy his burden of rebutting the Westfall Act certification.  *See Steele*, 964 F. Supp. 2d at 17.[2]

### B. Subject Matter Jurisdiction

Mr. Calzada's complaint could be read to allege a variety of claims.  At some points, he appears to bring negligence claims under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 1402, 2401, 2671, *et seq.* ("FTCA"), accusing Defendants of improperly supervising judicial officers in the U.S. District Court for the Western District of Texas and U.S. Court of Appeals for the Fifth Circuit.  *See* ECF No. 3 ¶ 35, 67.  At other points, Mr. Calzada seems to allege a *Bivens* claim against Defendants for invading his Fourth Amendment rights.  *See id.* ¶ 65; *see Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  And at others still, he appears to challenge the process by which his appeals were handled in the Fifth Circuit.  *See id.* ¶ 66.

Despite these multiple possible readings, Mr. Calzada insists in his supplemental opposition that he is not bringing FTCA or *Bivens* claims.  ECF No. 30, at 47 ("Mr. Calzada argues that the lawsuit is not a Federal Tort Claims [sic] or Bivens claim[.]"); *see id.* at 40 (accusing Defendants of "attempt[ing] to reformat the lawsuit to another category of law such as 'FTCA' or 'BIVENS'").[3]  Instead, he states that his "lawsuit is focused on systemic fraud upon the judiciary"—specifically, that the Western District of Texas and the Fifth Circuit lacked Article III

---

[2] Because Mr. Calzada's request to strike Defendants' motion to dismiss is premised on the invalidity of the Westfall Act certification, *see* ECF No. 28, at 10, the court will deny the request as moot.

[3] Without the FTCA or *Bivens*, there is no clear basis for Mr. Calzada's individual-capacity claims against Defendants.

8

jurisdiction to adjudicate his 2012 criminal case. *Id.*; *see* ECF No. 3 ¶¶ 5, 7 (alleging that the district court that presided over his criminal case "lack[ed] subject matter jurisdiction [in the absence of any] criminal complaint . . . , federal warrants[,] or federal summon[s] issuance/ executions"); *see* ECF No. 22, at 33-35 (alleging that there was "a complete absence of jurisdiction and judicial power for the supreme court [sic] and the lower courts to hear [his criminal] case"). But Mr. Calzada does not identify any basis for this court (which derives its own authority from Article III) to invalidate the Article III jurisdiction of other federal courts. He attempts to bring his claim under "Rule 60(d)(3) of the Federal Rules of Civil Procedure," ECF No. 30, at 16, which enables a court to "set aside a judgment for fraud on the court," Fed. R. Civ. P. 60(d)(3). But this court does not have the jurisdiction or ability to vacate a *criminal* judgment pursuant to a Federal Rule of *Civil* Procedure. *Hinojosa v. U.S. Att'y Gen.*, 759 F. Supp. 2d 53, 54-55 (D.D.C. 2011); *United States v. Mims*, No. 04-3050, 2004 WL 2191629, at *1 (D.C. Cir. Sept. 24, 2004) (per curiam) ("[A litigant] may not challenge his criminal conviction through a motion filed under Fed. R. Civ. P. 60.").[4]

Mr. Calzada also makes a series of allegations that his original arrest and prosecution in the Western District of Texas were undertaken without a proper criminal complaint. *See* ECF No. 3 ¶ 65; ECF No. 22, at 8. But this precise claim, and various other legal challenges to the merits of his criminal prosecution, were extensively litigated in the Western District of Texas and

---

[4] In his supplemental reply, Mr. Calzada appears to disclaim reliance on Rule 60 and instead argues that this court has "inherent powers to intervene in an independent action involving [s]ystemic fraud upon the Judiciary." ECF No. 37, at 3-4. But because "[f]ederal courts are courts of limited jurisdiction," it is generally "presumed that a cause lies outside [of] this limited jurisdiction." *Kokkonen*, 511 U.S. at 377. Mr. Calzada asserts that "there is no contest or no opposition being provided by the Defendants in regards to . . . this [c]ourt's inherent powers," ECF No. 37, at 4 (emphasis omitted), but it is the *plaintiff's* burden to establish jurisdiction, *Kokkonen*, 511 U.S. at 377.

the Fifth Circuit.  To the extent that Mr. Calzada seeks to relitigate these issues, it is well established that this court "lacks jurisdiction to review decisions of other federal courts." *Klayman v. Rao*, 49 F.4th 550, 552 (D.C. Cir. 2022) (per curiam) (quoting *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006)); *Calderon v. Brown*, No. 15-CV-75, 2015 WL 222164, at *1 (D.D.C. Jan. 13, 2015) ("As a general rule applicable here, this [c]ourt lacks subject matter jurisdiction to review the decisions of another court[.]"); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (similar).

Mr. Calzada further argues that he was "denied the opportunity to present his case to a panel of judges within the [Fifth] Circuit," ECF No. 30, at 8, because Fifth Circuit Clerk of Court Lyle Cayce "improperly electronically fil[ed]" that court's panel opinions in his three appeals, *id.* at 9; *see* Op., *United States v. Calzada*, No. 22-50090 (5th Cir. Feb. 15, 2023) (Higginbotham, Graves, Ho); Op., *United States v. Calzada*, No. 23-50367 (5th Cir. Sept. 21, 2023) (Smith, Higginson, Engelhardt); Op., *United States v. Calzada*, No. 23-50838 (5th Cir. June 24, 2024) (Higginbotham, Stewart, Southwick).  But this court has no jurisdiction to police the actions of the Fifth Circuit; instead, Mr. Calzada should have raised any grievances with the panel opinions through a petition for certiorari to the Supreme Court.  *See R.A. v. McClenahan*, 122 F.4th 143, 149 (4th Cir. 2024) ("[W]hen a litigant is dissatisfied with the decision of a [federal] circuit court, [he] should file a petition for rehearing or seek certiorari at the Supreme Court.  What [he] should not do is return to the trial court and ask it to undo the appellate court's decision.").[5]

---

[5] Even if the court had subject matter jurisdiction over this claim (and it does not), the claim would fail because the recording of official court orders and opinions is a routine task by the Clerk of Court.  *See* Fed. R. App. Proc. 45(b)(1) (explaining that "[t]he clerk must record all papers filed with the clerk and all process, orders, and judgments").

## V. CONCLUSION

For the foregoing reasons, the court will grant Defendant's motion to dismiss, ECF No. 21, and deny the remaining motions, ECF Nos. 22, 26, 28, 31, 40, 42, as moot. A contemporaneous order will issue.

_____
LOREN L. ALIKHAN
United States District Judge

Date: May 7, 2025