UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

OMAR JOSE CALZADA,

      *Plaintiff*,

   v.

JOHN G. ROBERTS, *et al.*,

      *Defendants*.

Civil Action No. 24 - 2477 (LLA)

## MEMORANDUM OPINION

On May 7, 2025, the court dismissed Plaintiff Omar Jose Calzada's pro se complaint against the Honorable John G. Roberts, Chief Justice of the United States, and the Honorable Robert J. Conrad, Director of the Administrative Office of the U.S. Courts. ECF No. 44. Mr. Calzada has since filed four new motions containing seven discrete requests: a motion to alter the court's judgment and for leave to file an amended complaint, ECF No. 45; a motion for a hearing and for an order certifying a constitutional question, ECF No. 52; a motion to "refer systemic Article III and institutional blind spot issues to the Judicial Conference and the Senate Judiciary Committee," ECF No. 59; and a motion to refer the "inter-circuit access dispute to the Judicial Conference" and to stay the proceedings, ECF No. 60. Defendants oppose the motions. ECF Nos. 56, 57. For the reasons explained below, the court will deny Mr. Calzada's motions.

### I.    FACTUAL BACKGROUND

The court recounts the facts as described in its previous memorandum opinion. ECF No. 43. Mr. Calzada resides in San Antonio, Texas. ECF No. 3 ¶ 26. In June 2012, he was arrested and charged with various marijuana-related offenses in the U.S. District Court for the

Western District of Texas. ECF No. 3-1, at 79-80. Mr. Calzada eventually pleaded guilty to one count of conspiring to manufacture a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. *See* Order at 4, *United States v. Calzada*, No. 5:12-CR-642 (W.D. Tex. Jan. 18, 2022), ECF No. 189; Redacted Indictment at 1, *Calzada*, No. 5:12-CR-642 (W.D. Tex. July 11, 2012), ECF No. 23.[1] Mr. Calzada was sentenced to time served and a term of supervised release, which he completed in January 2019. *See* Order at 4-5, *Calzada*, No. 5:12-CR-642 (W.D. Tex. Jan. 18, 2022), ECF No. 189.

In June 2021, Mr. Calzada filed a pro se petition for a writ of error *coram nobis* alleging that fundamental errors had occurred in his criminal prosecution. *See* Mot. for Writ of Error Coram Nobis, *Calzada*, No. 5:12-CR-642 (W.D. Tex. June 16, 2021), ECF No. 174. Specifically, he claimed that a critical search warrant and affidavit had been improperly admitted into evidence, among other transgressions. *See id.* at 8-10. The district court denied the petition, finding that the petition was untimely, that "the search warrant and affidavit were properly authenticated," and that the U.S. Court of Appeals for the Fifth Circuit had previously affirmed the propriety of the search warrant and affidavit on appeal. Order at 11, *Calzada*, No. 5:12-CR-642 (W.D. Tex. Jan. 18, 2022), ECF No. 189. The Fifth Circuit affirmed the denial of the petition in February 2023 and subsequently denied rehearing en banc. Op., *United States v. Calzada*, No. 22-50090 (5th Cir. Feb. 15, 2023); Order, *Calzada*, No. 22-50090 (5th Cir. Mar. 9, 2023).

In the ensuing months, Mr. Calzada filed six motions to vacate or amend the district court's denial of his petition. *See* Docket, *Calzada*, No. 5:12-CR-642, ECF Nos. 196, 199, 200, 201, 202, 208. The court denied each motion. *See* Docket, *Calzada*, No. 5:12-CR-642. Mr. Calzada

---

[1] "The court may take judicial notice of public records from other court proceedings." *Lewis v. Drug Enf't Admin.*, 777 F. Supp. 2d 151, 159 (D.D.C. 2011).

2

appealed two of them, *see* Docket, *Calzada*, No. 5:12-CR-642, ECF Nos. 203, 209, and the Fifth Circuit affirmed both, Op., *United States v. Calzada*, No. 23-50367 (5th Cir. Sept. 21, 2023); Op., *United States v. Calzada*, No. 23-50838 (5th Cir. June 24, 2024).

## II.    PROCEDURAL HISTORY

### A.    Complaint and Westfall Act Certification

After his final, unsuccessful appeal in the Fifth Circuit, Mr. Calzada filed a pro se complaint in this court in August 2024, ECF No. 1, which he subsequently amended, ECF No. 3. Mr. Calzada alleged that Chief Justice Roberts and Judge Conrad had failed to properly supervise various judicial officers who were involved in his criminal prosecution and unsuccessful appeals. *See generally* ECF No. 3.

In the ensuing months, the parties filed a series of overlapping and crisscrossing motions, oppositions, and replies.  In December 2024, Defendants filed a Westfall Act certification attesting that they "were acting within the scope of their employment as employees of the United States of America at the time of the alleged incidents."  ECF No. 13-1.  Pursuant to the Westfall Act, 28 U.S.C. § 2679, the United States was substituted as the defendant for all claims against Chief Justice Roberts and Judge Conrad in their official capacities.  ECF No. 13.  Mr. Calzada subsequently moved to disqualify the U.S. Attorney's Office for the District of Columbia from the case and to stay the proceedings pending appointment of a "Special U.S. Counsel."  ECF Nos. 15, 16.  The court denied both motions in January 2025.  ECF No. 20.

### B.    Motion to Dismiss and Subsequent Filings

Defendants then moved to dismiss on January 17, 2025.  ECF No. 21.  Mr. Calzada filed a combined opposition to Defendants' motion to dismiss and motion for partial summary judgment on January 31, ECF No. 22, and he subsequently moved to challenge Defendants' Westfall Act

3

certification and strike Defendants' motion to dismiss on February 6, ECF No. 28.  On February 7, Defendants filed a reply in support of their motion to dismiss and simultaneously moved to the stay proceedings on Mr. Calzada's motion for partial summary judgment pending the court's resolution of the outstanding motion to dismiss.  ECF Nos. 25, 26.

On February 11, the court issued a *Fox/Neal* Order giving Mr. Calzada an opportunity to supplement his previously filed opposition.  ECF No. 29, at 2-3.  In the same order, the court held Mr. Calzada's partial motion for summary judgment in abeyance so that it could resolve Defendants' outstanding motion to dismiss.  *Id.* at 3.  On February 18, Mr. Calzada submitted a supplemental memorandum in opposition to Defendants' motion to dismiss.  ECF Nos. 30, 31.  In the same filing, Mr. Calzada also requested that the case be stayed and then referred to the Judicial Conference of the United States for resolution and that the court direct Chief Justice Roberts to appear at future hearings.  ECF No. 31, at 47.  On March 3, Defendants filed a supplemental reply and simultaneously opposed Mr. Calzada's motion to stay, motion for referral, and motion to order the appearance of Chief Justice Roberts.  ECF No. 35.  The next day, Mr. Calzada filed a reply in support of his three new motions.  ECF No. 37.

On March 13, Mr. Calzada filed a motion for a hearing on his challenge to Defendants' Westfall Act certification.  ECF No. 39.  The court denied the motion and explained that it would rule on each of the parties' pending motions in due course.  Mar. 20, 2025 Minute Order.

On April 22, Mr. Calzada filed a motion for sanctions, an injunction, and an order to show cause.  ECF No. 40.  He argued that sanctions were warranted because Defendants' counsel had omitted or ignored material facts when filing the motion to dismiss.  *Id.* at 6-7.  He requested an injunction requiring the preservation of evidence related to the purported fraud and barring Defendants from making certain arguments.  *Id.* at 7.  Finally, he requested an order to show cause

as to why Defendants' counsel had failed to report various instances of alleged prosecutorial misconduct.  *Id.* at 13-14.  Defendants moved for an extension of time to respond, ECF No. 41, which the court granted, Apr. 28, 2025 Minute Order.

On May 1, Mr. Calzada filed a motion for leave to supplement the record "with newly compiled evidence of systemic violations of the U.S. Constitution, federal criminal procedure, and federal appellate practice."  ECF No. 42, at 1.  The supplement contained details of other cases that Mr. Calzada maintains are similar to his.  *Id.* at 4-8.

### C. Memorandum Opinion and Separate Order Dismissing Complaint

On May 7, the court granted Defendants' motion to dismiss and dismissed Mr. Calzada's complaint without prejudice.  ECF Nos. 43, 44.  The court rejected Mr. Calzada's challenge to Defendants' Westfall Act certification because "any actions [they] took or did not take in their supervisory roles over the federal judiciary would be within their official duties as the Chief Justice of the United States and Director of the Administrative Office of the U.S. Courts."  ECF No. 43, at 7; *see id.* ("At most, Mr. Calzada complains about *how* Defendants carried out their duties, not whether those duties fell within the scope of their employment.").  The court then dismissed the complaint for lack of subject-matter jurisdiction because it could not exercise any authority over the U.S. District Court for the Western District of Texas or the U.S. Court of Appeals for the Fifth Circuit.  *Id.* at 8-9.  To the extent Mr. Calzada seemed to dispute the outcomes of his cases in those courts, this court "lack[ed] jurisdiction to review" them.  *Id.* at 10 (quoting *Klayman v. Rao*, 49 F.4th 550, 552 (D.C. Cir. 2022) (per curiam)).

Finally, the court rejected Mr. Calzada's argument that he was "'denied the opportunity to present his case to a panel of judges within the [Fifth] Circuit,' because Fifth Circuit Clerk of Court Lyle Cayce 'improperly electronically fil[ed]' that court's panel opinions in his three appeals."  *Id.*

5

(quoting ECF No. 30, at 8-9). Even assuming that this court had the power to police the actions of the Fifth Circuit, the court explained that this claim "would fail because the recording of official court orders and opinions is a routine task by the Clerk of Court." *Id.* at 10 n.5; *see* Fed. R. App. P. 45(b)(1) (explaining that "[t]he clerk must record all papers filed with the clerk and all process, orders, and judgments").

### D. Post-Dismissal Filings

On May 14, Mr. Calzada filed a motion to alter the court's judgment and for leave to file an amended complaint. ECF No. 45. His motion and proposed amended complaint seek "to correct a fundamental misunderstanding of the nature of the relief originally requested." *Id.* at 1. Specifically, Mr. Calzada disclaims any attempt to "challenge the Fifth Circuit's substantive decisions." *Id.* Instead, his core claim is "that certain final appellate 'judgments' were entered without any visible judicial signature, electronic authentication, or metadata verifying their issuance by an Article III judge." *Id.* Defendants oppose the motion, which is now fully briefed. ECF Nos. 46, 47.

On June 12, Mr. Calzada filed a motion for a hearing to conduct "sealed[,] in camera" review of "whether the Fifth Circuit appellate judgment . . . bears traceable authorship, authentication, or transmission by an Article III judge." ECF No. 52, at 1.[2] In the alternative, Mr. Calzada asks the court to "certif[y] a constitutional question to an appropriate appellate court or relevant Article III oversight body." *Id.* at 2. Defendants oppose both requests, arguing that Mr. Calzada "appears to raise the same arguments and issues that he raised in his [previous filings]." ECF No. 56, at 1.

---

[2] The court received this filing on June 5, but it was docketed on June 12.

On July 7, Mr. Calzada filed a motion to refer alleged "systemic Article III and institutional blind spot issues to the Judicial Conference and the Senate Judiciary Committee." ECF No. 59, at 1.[3]  Like his other motions, this referral motion is premised on alleged defects in "the integrity of appellate judgments in the Fifth Circuit" and fraudulent "clerical docket entries." *Id.*

Also on July 7, Mr. Calzada filed a fourth post-dismissal motion asking the court to "refer the matter of unresolved inter-court access to appellate authorship records [in the] Fifth Circuit . . . to the Judicial Conference of the United States for immediate review and policy clarification[] and to stay proceedings in this case pending the outcome of such review." ECF No. 60, at 1.[4]  Again, like his previous motions, Mr. Calzada argues that certain judgments issued by the U.S. Court of Appeals for the Fifth Circuit are suspect because they "lack[ed] visible judicial signatures or traceable authorship." *Id.* at 2.

### III.    LEGAL STANDARDS

#### A.    Motion for Reconsideration

Under Federal Rule of Civil Procedure 59(e), a motion to alter or amend a court's judgment—more commonly referred to as a motion for reconsideration—"need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Ciralsky v. Cent. Intel. Agency*, 355 F.3d 661, 671 (D.C. Cir. 2004) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)).  Whether to grant such a motion is left to the discretion of the district court, but such motions are "disfavored" and only warranted "when the moving party establishes extraordinary circumstances." *Owen-Williams v. BB & T Servs., Inc.*, 797 F. Supp. 2dd 118, 124

---

[3] The court received this filing on June 12, but it was docketed on July 7.

[4] The court received this filing on June 27, but it was docketed on July 7.

(D.D.C. 2011) (quoting *Niedermeier v. Off. of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001)).  A Rule 59(e) motion should not be used as "an opportunity to reargue facts and theories upon which a court has already ruled."  *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995) (quoting *Assassination Archives & Rsch. Ctr. v. U.S. Dep't of Just.*, 828 F. Supp. 100, 102 (D.D.C. 1993)).

### B. Motion for Leave to File an Amended Complaint

Under Federal Rule of Civil Procedure 15(a), if a party may no longer amend its complaint as a matter of course, it may seek the opposing party's consent or the court's leave to do so.  While the court retains discretion over whether to grant a motion for leave to amend, it "should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Granting leave to amend is not required, however, if it would be futile, would result in undue delay or prejudice, is motivated by bad faith or a dilatory motive, or follows a "repeated failure to cure deficiencies by previous amendments."  *Onyewuchi v. Gonzalez*, 267 F.R.D. 417, 420 (D.D.C. 2010).  Denial on the basis of futility is justified "if the proposed claim would not survive a motion to dismiss."  *Id.*

### IV. DISCUSSION

Mr. Calzada's motion for reconsideration is premised on arguments that were already rejected in the court's memorandum opinion.  In his supplemental brief, filed in February 2025 during the motion-to-dismiss stage, Mr. Calzada "assert[ed] that Lyle Cayce, the Clerk of the [Fifth] Circuit, ha[d] been improperly electronically filing documents labeled as 'panel opinions' rather than assigning his cases being docketed [sic] to a panel with a writing judge to file them through the proper judicial process."  ECF No. 30, at 9.  He continued by stating that Mr. Cayce was illegitimately filing "the so-called 'opinions' without the proper involvement of a writing judge."  *Id.* at 10.  While Mr. Calzada attempts to repackage this argument in the present motions, it essentially mirrors those in his supplemental brief.  At bottom, he challenges the validity of the

Fifth Circuit judgments that were issued against him by questioning their authorship. *Compare* ECF No. 45, at 1-2 ("[Plaintiff] raises a structural and procedural claim: that certain final appellate 'judgments' were entered without . . . metadata verifying their issuance by an Article III judge."), *with* ECF No. 52, at 2 ("This defect raises a constitutional question under Article III and the Due Process Clause, as it calls into question whether those judgments were issued by a duly authorized judicial officer."). This has already been addressed and is therefore not an appropriate basis for reconsideration. *See New York*, 880 F. Supp. at 39.

This argument also does not address the core, underlying defect of Mr. Calzada's original complaint. No part of the motion asserts a jurisdictional basis for this court to police the filings and judgments of the Fifth Circuit. As the court has already made clear, it lacks any power "to review decisions of other federal courts." ECF No. 43, at 10 (quoting *Klayman*, 49 F.4th at 552). This applies both to the substance of the opinions and the validity of the judgments. Mr. Calzada still does not provide any legal authority conferring such authority on this court. Accordingly, because Mr. Calzada's motion for reconsideration "is essentially a rehash of the arguments presented to and previously rejected by this [c]ourt," *New York*, 880 F. Supp. at 39, the court will deny the motion.

For similar reasons, the court will also deny Mr. Calzada's motion for leave to file an amended complaint. As he himself explains, the purpose of the amendment is to "clarif[y] that Plaintiff challenges . . . [whether] the [Fifth Circuit] rulings were issued by a constitutionally authorized Article III judge." *Id.* at 2. This argument would not survive a motion to dismiss

9

because it has already been rejected, *see* ECF No. 43, at 9-10, and fails to provide any foundation for this court's subject-matter jurisdiction.[5]

Mr. Calzada has now submitted more than twenty filings in this case totaling roughly 1,800 pages, including ten motions and more than a dozen separate requests. If Mr. Calzada is dissatisfied with this court's resolution of his various motions, he may appeal to the U.S. Court of Appeals for the D.C. Circuit. This court, however, will look disfavorably upon any future attempts by Mr. Calzada to relitigate the same questions and theories.

## V.  CONCLUSION

For the foregoing reasons, the court will deny Mr. Calzada's motion to alter or amend the court's judgment and for leave to file an amended complaint, ECF No. 45, and will deny his remaining motions, ECF Nos. 52, 59, 60, as moot.[6] A contemporaneous order will issue.

---

[5] Even assuming subject-matter jurisdiction existed, this claim would fail on the merits. As the court observed in its memorandum opinion, Clerks of the Court routinely handle the ministerial task of issuing opinions and judgments reached by Article III judges. *See, e.g.*, *LLH Operations LLP v. Samson Res. Co.*, No. 09-CV-673, 2010 WL 2794069, at *1 (D. Colo. July 14, 2010). That Mr. Cayce was the individual who issued the Fifth Circuit's judgments does not invalidate the judgments themselves or indicate that they were not authored by an Article III judge.

[6] Mr. Calzada's motions (1) for a hearing and to certify a constitutional question, ECF No. 52; (2) to refer the issue to the Judicial Conference and the Senate Judiciary Committee, ECF Nos. 59, 60; and (3) to stay these proceedings pending external review, ECF No. 60, are premised on his rehashed argument regarding the validity of the Fifth Circuit judgments. *See* ECF No. 52, at 1 (requesting "a sealed in camera hearing for the limited purpose of determining whether the Fifth Circuit appellate judgment . . . bears traceable authorship, authentication, or transmission by an Article III judge"); *id.* at 2 ("[S]hould the [c]ourt decline to conduct a sealed in camera review, Plaintiff requests a hearing to discuss certifying a constitutional question to an appropriate appellate court or relevant Article III oversight body."); ECF No. 59, at 3 (requesting the court to "[r]efer the issues of apparent systemic failure in verifying judicial authorship of appellate judgments" to the Judicial Conference and Senate Judiciary Committee); ECF No. 60, at 8 (requesting the court to "refer the matter to the Judicial Conference . . . for urgent resolution of the policy dispute . . . regarding access to metadata and authorship verification of judicial entries"). Because the court denies his attempt to relitigate this issue again, it will accordingly deny these motions as moot.

                                                                         _____
                                                                          LOREN L. ALIKHAN
                                                                          United States District Judge

Date:   July 9, 2025